# United States Court of Appeals for the Federal Circuit

———————————

**ASHBURN BYWATERS, CARL LANCASTER, BETTY L. HOHENBERGER, ORMAN RODERICK, JUNE RODERICK, AND NAN O. BEELER,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

———————————

2011-1032

———————————

Appeal from the United States Court District Court for the Eastern District of Texas in case no. 99-CV-0451, Judge Leonard Davis.

———————————

ON PETITION FOR REHEARING

———————————

CECILIA FEX, Ackerson Kauffman Fex, PC, of Washington, DC, filed a petition for rehearing en banc for plaintiffs-appellants.

ELLEN J. DURKEE, Attorney, Appellate Section, Environment & Natural Resources Division, United States Department of Justice, of Washington, DC, filed a response to the petition for defendant-appellee.

Before RADER, *Chief Judge*, PLAGER and DYK, *Circuit Judges.*

Opinion for the court filed by *Circuit Judge* DYK. Opinion concurring in part and dissenting in part filed by *Circuit Judge* PLAGER

DYK, *Circuit Judge.*

Plaintiffs-Appellants, Ashburn Bywaters et al. ("appellants"), petition for rehearing of our March 1, 2012, decision in *Bywaters v. United States*, 670 F.3d 1221 (Fed. Cir. 2012). In that decision we vacated the district court's award of attorneys' fees and remanded for further consideration. Among other things, we held that "absent unusual circumstances," a district court may not adjust the lodestar figure upwards or downwards to account for the "amount involved and results obtained." *Id.* at 1230. However, we also held that "it is legitimate to consider the 'amount involved and results obtained' in determining a reasonable attorney fee award" by "consider[ing] this factor when determining the reasonable number of hours expended and the reasonable hourly rates of the attorneys." *Id.* at 1231.

In their petition for rehearing, appellants urge that this aspect of our decision in *Bywaters* endorses the use of a strict proportionality test in calculating the lodestar figure. Appellants misread our decision. The fee-shifting provisions of the Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"), 42 U.S.C. § 4654, allow for recovery of attorneys' fees adequate to permit people with small takings claims to vindicate their rights with the assistance of competent counsel. We in no way implied that attorneys' fees would

not be available because of the small amount of the claim. Rather, we held that in determining the reasonable number of hours expended and the reasonable hourly rate, the district court should consider the "amount involved" in the case as well as other factors bearing on reasonableness, such as the fact that litigation of these types of disputes serves a greater purpose (vindicating constitutionally protected property rights).

Just as "a district court is not free to mechanically adjust the lodestar figure downward based on [the amount involved and results obtained]," *id.* (citing *City of Riverside v. Rivera*, 477 U.S. 561, 568-69 (1986)), so too a district court cannot reduce the number of hours expended or the hourly rate in calculating the lodestar figure using such a mechanical approach, *see Kassim v. City of Schenectady*, 415 F.3d 246, 251-52 (2d Cir. 2005) (holding that a district court may not mechanically reduce the number of hours requested based upon "the belief that the claimed hours were simply disproportionate [to the amount involved], *without regard to the reasonableness* of the attorney's expenditure of time in responding to the particular circumstances" (emphasis added)). Nonetheless, the "amount involved and results obtained" is a factor to be considered in the reasonableness analysis. *See Bywaters*, 670 F.3d at 1232 & n.8.

The petition for rehearing is denied.


Date: 7/11/12

# United States Court of Appeals
# for the Federal Circuit

---

**ASHBURN BYWATERS, CARL LANCASTER,
BETTY L. HOHENBERGER, ORMAN RODERICK,
JUNE RODERICK, AND NAN O. BEELER,**
*Plaintiffs-Appellants,*

v.

**UNITED STATES,**
*Defendant-Appellee.*

---

2011-1032

---

Appeal from the United States Court District Court for the Eastern District of Texas in case no. 99-CV-0451, Judge Leonard Davis.

---

## ON PETITION FOR REHEARING

---

PLAGER, *Circuit Judge*, concurring-in-part and dissenting-in-part.

In response to the petition for panel rehearing, the majority, though denying the request for rehearing, has issued an addition to the opinion in the case.[1]  The addi-

---

[1]  This could also be considered a grant of the petition for the limited purpose of clarifying the opinion.

tion confirms that the fee-shifting statute is intended "to permit people with small takings claims to vindicate their rights with the assistance of competent counsel," and notes that in determining reasonableness of the attorney award courts should take into account that "litigation of these types of disputes serves a greater purpose (vindicating constitutionally protected property rights)."  Slip. Op. at 3.  Exactly so.

The addition then goes on to instruct that "'a district court is not free to mechanically adjust the lodestar figure downward based on [the amount involved and results obtained].'"  *Id.* (citation omitted).  That of course was the error in the district court's original 50% reduction of its lodestar award, an error that this court corrected on appeal.  Nor can "a district court . . . reduce the number of hours expended or the hourly rate in calculating the lodestar figure using such a mechanical approach."  *Id.* (citation omitted).  Again, exactly so.

The addition then concludes with the following sentence:  "Nonetheless, the 'amount involved and results obtained' is a factor to be considered in the reasonableness analysis."  *Id.*  If by this the majority means that a district court should evaluate "the reasonableness of the attorney's expenditure of time in responding to the particular circumstances" of her case (*see* the parenthetical quote from the 2d Circuit, *id.* at 3), that seems inherently sensible.  If the nature of the case hardly warrants the elaborate time and effort allegedly spent by the plaintiff's attorney, that suggests the attorney is either padding the bill or was not competent to handle the case in the first place.  Even if the Government lost the case, it should not be stuck with an excessive or unjustified award for the winning attorney.

Here, there is no indication that the winning attorneys were anything but competent; indeed, the evidence is that they were chosen for their particular competence in this type of case. The trial judge expressly determined that under the circumstances of this case both the hours claimed and the attorneys' rate were reasonable, a determination that by definition incorporates this factor of "amount involved and results obtained." The case was complex and involved many small property claims consolidated into one case. The panel's addition to the opinion confirms my view that no remand is called for and, while I agree with what is said here as I understand it, I continue to dissent from the original panel opinion ordering a remand, as well as from the overturning of the trial court's reasoned determination regarding the relevant market for pricing the attorneys' services.